

MEMO ENDORSED

July 21, 2023

**Via ECF Filing**

Hon. Kenneth M. Karas
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
Courtroom 521
300 Quarropas St.
White Plains, NY 10601

      Re:   *ProImmune v. Three Aminos, et al., Case No. 7:22-cv-08229-KMK,*
              *ProImmune v. Three Aminos, et al., Case No. 7:22-cv-08227-KMK*
              *ProImmune v. Three Aminos, et al., Case No. 7:22-cv-07242-KMK*

Dear Judge Karas:

      We represent The Proimmune Company LLC and Albert Crum, M.D. (collectively, "Proimmune"). We write in response to the June 30, 2023 letter of Natraj S. Bhushan, who claims to represent both Defendant Three Aminos LLC ("Three Aminos") and Defendant Dr. Laura Lile ("Dr. Lile"), and who further claims that the automatic stay set forth in 11 U.S.C. § 363(a) applies to not just Three Aminos but to Dr. Lile, who is not a bankruptcy debtor.[1]

      As a preliminary matter, we understand that all the above captioned cases are in the process of being re-opened against all defendants, but if the Court would like any briefing from ProImmune on re-opening the cases we would be happy to provide it.

      With respect to the stay, contrary to Three Aminos's and Dr. Lile's claims, the automatic stay set forth in 11 U.S.C. § 363(a) applies only to Three Aminos and not to Dr. Lile. "It is well established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants." *Teachers Ins. v. Butler*, 803 F. 2d 61, 65 (2d Cir.1986). The stay only applies to non-debtors in very limited circumstances that do not pertain here — namely, where there is "an immediate adverse economic consequence for the debtor's estate." *Queenie, Ltd. v Nygard Intern.*, 321 F. 3d 282, 287-88 (2d Cir 2003). Examples of such include where the debtor is a guarantor of an obligation of the co-defendant, where a claim is brought against the debtor's insurer, or where "there is such an identify between the debtor and the third party defendant that the debtor may be said to be

---

    [1]Neither Mr. Bhushan nor his firm has sought leave to represent Three Aminos as required under 11 U.S.C. § 327. See docket in In Re Three Aminos LLC, Docket 3–bk–02202, Bankr. Ct. Middle District of Tenn (filed June 21, 2023). Accordingly, at this time he only represents Dr. Lile, not Three Aminos.

11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025 | *tel.* (310) 593-9890  *fax* (310) 593-9980

bnsklaw.com

July 21, 2023
Page 2

the real party defendant." *Id.* (*quoting A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986).

In *Queenie*, a copyright infringement case, the Second Circuit held that the stay applied to the debtor's wholly owned subsidiary but not to defendants who were officers and shareholders of the debtor. The Second Circuit held that such an extension "would be vast and unwarranted interference with creditors' enforcement of their rights against non-debtor co-defendants." *Queenie*, 321 F. 3d at 288. This is exactly the situation here. Dr. Lile is one of the owners of the debtor, but she is not the debtor. There is no serious argument that Dr. Lile enjoys the benefit of the automatic stay.

Dr. Lile and Three Aminos could ask the bankruptcy court to extend the stay to her under 11 U.S.C. § 105, but such stays are rarely granted and neither has sought such relief from the Bankruptcy Court. Indeed, even the cases Mr. Bhushan cites involve situations where the court declined to stay the entire action. *See MBE Capital Partners, LLC v. AVPOL Int'l LLC*, 2019 U.S. Dist. LEXIS 21891, at *8 (S.D.N.Y. Feb. 11, 2019) (non-debtor defendants had the burden to show a basis for extending such a stay, which had not been done); *Gray v. Hirsch*, 230 B.R. 239, 243 (S.D.N.Y. 1999) (automatic stay in place in corporate debtors' Chapter 7 cases did not prevent investors from proceeding with their securities law complaint against debtors' principal and controlling shareholder); *Desouza v. Plusfunds Grp., Inc.*, 2006 U.S. Dist. LEXIS 53392 (S.D.N.Y. Aug. 1, 2006) (refusing to extend stay to non-debtors).

Dr. Lile has set forth no basis to stay these proceeding as to her. Dr. Lile has not personally filed bankruptcy, and ProImmune's and Dr. Crum's claims are against her personally. Among those claims are infringement claims, the very kind of claims that the Second Circuit dealt with in *Queenie.*

In sum, despite the contentions in Mr. Bhushan's letter, Dr. Lile has not even filed a motion for a stay, let alone made any showing that the automatic stay provision applies to the claims against her.

Sincerely,

Ryan Abbott
of BROWN, NERI, SMITH & KHAN LLP

The Court will hold a status conference on September 6, 2023 at 2:30 PM. The Clerk of Court is directed to file this letter in all related dockets.

SO ORDERED.

7/21/2023

